968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles MEDLEY, Petitioner-Appellant,
v.
John THOMAS, Warden, Defendant-Appellee.
 No. 92-2041.
 United States Court of Appeals, Tenth Circuit.
 June 24, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Medley, a state inmate, files this pro se appeal challenging the district court's dismissal of his pro se petition seeking habeas relief. We grant permission to proceed in forma pauperis and affirm the judgment of the district court.
 
 
 3
 A review of the file reveals Mr. Medley entered a guilty plea to a state offense while reserving the right to appeal what he contended to be an illegal search based upon an illegal warrant. Mr. Medley unsuccessfully appealed the state court's denial of his motion to suppress to the New Mexico Court of Appeals.
 
 
 4
 In his pro se habeas petition filed with the district court, Mr. Medley's sole claim was "denial of IV Amendment protections." The state filed a response containing, among other things, the state court appellate briefs filed by the parties and the opinion of the New Mexico Court of Appeals. The state, citing Stone v. Powell, 428 U.S. 465 (1976), filed a motion contending the state had provided an opportunity for full and fair litigation of all Mr. Medley's Fourth Amendment claims and asked the district court to dismiss the petition.
 
 
 5
 The district court examined the judicial records and determined Mr. Medley had received a full and fair hearing from the state concerning both the factual and legal issues and found the state courts applied controlling legal principles. See Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir.1978). The district court dismissed the petition with prejudice.
 
 
 6
 Mr. Medley appeals this decision asserting the search warrant utilized to search an auto containing the incriminating evidence was illegally obtained through perjury and deception.
 
 
 7
 The New Mexico Court of Appeals analyzed Mr. Medley's claim under a warrantless search theory and concluded substantial evidence existed to uphold the trial court's conclusion that the search was justified under the automobile exception and because of exigent circumstances.
 
 
 8
 What Mr. Medley fails to realize is that a federal court is, as a matter of law, unable to accept his version of the facts over the state's version when the state's version has been judicially determined and that determination has factual support. Mr. Medley also fails to understand the New Mexico Court of Appeals' treatment of the legal issues involved was fully consistent with federal case law on the subject.
 
 
 9
 The thrust of Mr. Medley's argument to this court is that if evidence is seized pursuant to a defective warrant, then that evidence cannot be used against him. Mr. Medley is mistaken. Under the facts as found by the New Mexico courts, the police had reasonable grounds to believe the auto was wired and armed with high explosives and volatile chemicals, and action was necessary to prevent imminent danger to both persons and property. Under these factual circumstances, the legal decisions of the New Mexico courts were correct.
 
 
 10
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3